IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | No. 19-CR- |
| | : | |
| | : | VIOLATION: |
| v. | : | 18 U.S.C. § 1347 |
| | : | (Health Care Fraud) |
| | : | |
| | : | |
| MOBOLAJI TINA STEWART, | : | FORFEITURE: |
| | : | 18 U.S.C. § 982(a)(7); |
| Defendant. | : | 21 U.S.C. § 853(p) |
| | : | |

## INFORMATION

The United States Attorney hereby charges that:

### COUNT ONE

1. Between in or about January 2014 and through in or about December 2018, in the District of Columbia, the defendant, Mobolaji Tina Stewart, knowingly and willfully executed a scheme and artifice to defraud Medicaid, a health care benefit program as defined in Title 18, United States Code, Section 24(b), in connection with the delivery of, and payment for, health care benefits, items, and services. Specifically, during the relevant period, the defendant was a registered home health care aide with a National Provider Identifier ("NPI") number ending in 5014. The defendant used her NPI number ending in 5014 to submit fraudulent timesheets to multiple home health care agencies located in the District of Columbia for services that she did not provide to Medicaid beneficiaries residing in the District of Columbia. The defendant knowingly caused the home health care agencies to submit the fraudulent timesheets to Medicaid for payment, in violation of Title 18, United States Code, Section 1347.

(**Health Care Fraud**,
in violation of Title 18, United States Code, Section 1347.)

## FORFEITURE ALLEGATION

2. Upon conviction of the offense alleged in Count One, the defendant shall forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(7), any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the offense. The United States will also seek a forfeiture money judgment against the defendant in the amount of $302,414.

3. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

   (a) cannot be located upon the exercise of due diligence;

   (b) has been transferred or sold to, or deposited with, a third party;

   (c) has been placed beyond the jurisdiction of the Court;

   (d) has been substantially diminished in value; or

   (e) has been commingled with other property that cannot be divided without difficulty;

the defendant shall forfeit to the United States any other property of the defendant, up to the value of the property described above, pursuant to 21 U.S.C. § 853(p).

(**Criminal Forfeiture**, pursuant to Title 18, United States Code, Section 982(a)(7) and Title 21, United States Code, Section 853(p).)

Respectfully Submitted,

JESSIE K. LIU
United States Attorney
D.C. Bar No. 472845

By: /s/ Kondi Kleinman

KONDI J. KLEINMAN
Assistant United States Attorney
California Bar No. 241277
555 Fourth Street, N.W
Washington, D.C. 20530
(202) 252-6887
Kondi.Kleinman2@usdoj.gov

DATED: July 15, 2019